PER CURIAM:
. Radmax, Ltd. (“Radmax”), petitions for a writ of mandamus directing the district court to transfer this case from the Marshall Division of the Eastern District of Texas to the Tyler Division of that district.[1] To obtain mandamus relief, Rad-max must demonstrate that (1) it has “no other adequate means to attain the relief [it] desires,”[2] (2) the Tyler Division is a “clearly more convenient” venue than the Marshall Division, and (3) the district court’s ruling to the contrary was a “clear abuse of discretion.” In re Volkswagen of Am., Inc. (“Volkswagen II”), 545 F.3d 304, 311 (5th Cir.2008) (en banc). If Radmax makes that showing, and we are satisfied that “the writ is appropriate under the circumstances,” we may exercise our discretion to grant mandamus relief. Id.
The venue transfer statute provides: “For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it *288 might have been brought or to any district or division to which all parties have consented.” 28 U.S.C. § 1404(a). The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another.[3] A motion to transfer venue pursuant to § 1404(a) should be granted if “the mov-ant demonstrates that the transferee venue is clearly more convenient,” taking into consideration (1) “the relative ease of access to sources of proof’; (2) “the availability of compulsory process to secure the attendance of witnesses”; (3) “the cost of attendance for willing witnesses”; (4) “all other practical problems that make trial of a case easy, expeditious and inexpensive”; (5) “the administrative difficulties flowing from court congestion”; (6) “the local interest in having localized interests decided at home”; (7) “the familiarity of the forum with the law that will govern the case”; and (8) “the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law”.[4] Volkswagen II, 545 F.3d at 315.
Applying those eight factors, the district court concluded that five were neutral, one was inapplicable, one “weighted] against transfer,” and one weighed “slightly” in favor of a transfer. After “balancing] ... the relevant factors,” the district court ruled that “Radmax ha[d] not shown that the Tyler Division is clearly more convenient than the Marshall Division” and correspondingly denied the motion to transfer.
We begin by revisiting the district court’s analysis of the Gilbert factors. First, the court reasoned that “[although the events and parties are in the Tyler Division, the Tyler and Marshall Divisions have roughly equal access to sources of proof,” because “there will not be any significant inconvenience to the parties if they had to transport documents or other evidence to Marshall, Texas as compared to the Tyler Division.” Any such inconvenience may well be slight, but, as we clarified in Volkswagen II, the question is relative ease of access, not absolute ease of access. Volkswagen II, 545 F.3d at 316 (“That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.”). Thus, because “[a]ll of the documents and physical evidence” are located in the Tyler Division, this factor “weights] in favor of transfer.” Id.
Second, the district court correctly noted that “[a]ll of the likely witnesses in this case are within the subpoena power of either court.” It thus correctly concluded that “this factor is neutral.”
Third, the district court stated that “[t]he Fifth Circuit has established a threshold of 100 miles when giving substantial weight to [the cost of attendance for witnesses],” and the court reasoned that because “Tyler is well less than 100 miles from Marshall.... this factor is neutral.” [5] Previously, we explained that “[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is, more than 100 miles, the factor of inconvenience to wit *289 nesses increases in direct relationship to the additional distance to be traveled.” In re Volkswagen AG (“Volkswagen I”), 371 F.3d 201, 204-05 (5th Cir.2004) (per cu-riam). Indeed, the en banc court reiterated that guidance and characterized it as a 100-mile “threshold” or “rule.” Volkswagen II, 545 F.3d at 317. We did not imply, however, that a transfer within 100 miles does not impose costs on witnesses or that such costs should not be factored into the venue-transfer analysis, but only that this factor has greater significance when the distance is greater than 100 miles.[6]
Fourth, the district court took into account that “transfer will result in delay for all parties” and concluded that “this factor weighs against transfer.” The delay associated with transfer may be relevant “in rare and special circumstances,” In re Horseshoe Entm’t, 337 F.3d 429, 435 (5th Cir.2003), and we have found such circumstances present where a “transfer [of] venue would have caused yet another delay in [an already] protracted litigation,” Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir.1989), but we have not elaborated on the circumstances under which delay is “rare and special.” We clarify today that garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case.[7]
Fifth, the district court stated that it was “unaware of any administrative difficulties that would arise from transferring or retaining this case,” noting that “[n]either the plaintiff nor the defendant ad-dresse[ed] this factor in detail,” and accordingly concluded that this factor was neutral. Neither party alerts us on appeal to any such potential administrative difficulty, and we agree with the district court that none is apparent.
Sixth, the district court found that “the Tyler Division has more local interest in this case than the Marshall Division” but concluded that “this factor weighs only slightly in favor of a transfer” in light of “the greater deference available to the Court when considering intra-district transfers.” The deference referred to is respect for “the plaintiffs’ choice of venue.” Volkswagen II, 545 F.3d at 315. A leading treatise takes the position, however, that “the traditional deference given to plaintiffs choice of forum ... is less” for “intra-district transfers.” 17 MooRe et al., supra note 1, § 111.21[2], at 111-155. We need not announce a general standard governing intra-district transfers in all situations; it is enough to note that in this case the local interest factor weighs solidly in favor of transfer.
Seventh, the district court correctly stated that “[b]oth the Tyler Division and Marshall Division are equally capable of applying the relevant law” and concluded that “[t]his factor is neutral.” Eighth, the district court properly reasoned that a transfer would not present a conflict of law *290 or require the application of foreign law, and it concluded that this factor had no bearing on its transfer analysis.
In summary, the district court correctly labeled four factors as neutral, incorrectly labeled two as neutral that weigh in favor of transfer, labeled one as weighing against transfer that is neutral, and labeled one as weighing slightly in favor of transfer that, we find, weighs solidly in favor of transfer. Reweighing those factors, we conclude that Radmax discharged its burden of showing that the Tyler Division is clearly more convenient than the Marshall Division and that transfer is therefore warranted.[8]
Having resolved that the district court’s ruling was incorrect, we next assess whether it was a “clear abuse of discretion” based on “extraordinary errors” leading to “a patently erroneous result.”[9] We previously have granted writs of mandamus to correct erroneous denials of motions to transfer venue. E.g., Volkswagen II, 545 F.3d 304; Volkswagen I, 371 F.3d 201; In re Horseshoe Entm’t, 337 F.3d 429. Radmax points out, and we agree, that those cases share striking similarities to this one.[10]
The main guidance from the en banc court in Volkswagen II, as it informs this case, is that the district court should have been fully aware of the inadvisability of denying transfer where only the plaintiffs choice weighs in favor of denying transfer[11] and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case — here, indeed all of those events, facts, witnesses, and other sources of proof — are in the transferee forum.[12] In Volkswagen II, 545 F.3d at 318, we classified as an “extraordinary error[ ]” the “fact that not a single relevant factor favors the [plaintiffs’] chosen venue.” Nothing in Volkswagen II even remotely hints that our evaluation of the facts there was limited to interdistrict transfers or to situations in which the venues were more than 100 miles apart.
The facts and circumstances of this case are wholly grounded in the transferee forum (the Tyler Division), which is a clearly more convenient venue, and this case has no connection to the Marshall Division. Under Volkswagen, a writ of mandamus is therefore compelled.
The petition for writ of mandamus and Radmax’s motion for stay of proceedings in the district court are GRANTED.

. Mandamus petitions from the Marshall Division are no strangers to the federal courts of appeals. See generally 17 James Wm. Moore et al„ Moore's Federal Practice § 111.61, at 111-202 to 111-204 & nn. 9-11 (3d ed.2013) (collecting cases). But see La Day v. City of Lumberton, Tex., No. 2:011-CV-237, 2012 WL 928352, at *3 2012 U.S. Dist. LEXIS 36431, at *6-*12 (E.D.Tex. Mar. 19, 2012) (Gilstrap, J.) (granting motion for intra-district transfer from Marshall Division and stating, "Transfer is appropriate where none of the operative facts occurred in the division [of plaintiff's choice] and where the division had no particular local interest in the outcome of the case.”).

. This mandamus requirement is satisfied in the motion-to-transfer context:
[A] petitioner "would not have an adequate remedy for an improper failure to transfer the case by way of an appeal from an adverse final judgment because [the petitioner] would not be able to show that it would have won the case had it been tried in a convenient [venue].” And the harm — inconvenience to witnesses, parties and other[s] — will already have been done by the time the case is tried and appealed, and the prejudice suffered cannot be put back in the bottle. Thus, the writ is not here used as a substitute for an appeal, as an appeal will provide no remedy for a patently erroneous failure to transfer venue.
In re Volkswagen of Am., Inc. ("Volkswagen II”), 545 F.3d 304, 318-19 (5th Cir.2008) (en banc).

. 17 Moore et al., supra note 1, § 111.21 [2], at 111-154 to 111-155 (3d ed. 2013) ("[A] transfer to another division in the same district will be granted if it is more convenient for the parties and witnesses and is in the interest of justice.”) (citing, inter alia, Weber v. Coney, 642 F.2d 91, 93 (5th Cir.Unit A March 1981) (per curiam)).

. Collectively, the "Gilbert factors,” see Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

. The distance is about sixty-two miles.

. In its respectful response to the mandamus petition — a response we specifically invited, see Federal Rule of Appellate Procedure 21(b)(4) — the district court opined that "it is anticipated that [the requirement for obtaining mandamus] will rarely be satisfied in any case involving a requested intra-district transfer between divisions within 100 miles of each other.” Although we appreciate the court's conscientious effort to rule correctly, its evaluation of the 100-mile factor, and of certain other factors that we have examined, is off the mark.

. We note that Radmax moved for change of venue promptly — three weeks after being served with process. The district court ruled on the transfer motion 7íá months later, by which time a trial setting has been established.

. We do not suggest — nor has this court held-that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting “score,” is the proper methodology.

. Volkswagen II, 545 F.3d at 309, 318; see also id. at 312 ("[W]e stress [that] in no case will we replace a district court’s exercise of discretion with our own; we review only for clear abuses of discretion that produce patently erroneous results.”).

. E.g., id. at 315 (noting that "nothing [] ties this case to the Marshall Division except plaintiffs’ choice of venue”).

. In Volkswagen II, id. at 309, we noted that "the district court gave undue weight to the plaintiffs’ choice of venue.”

. In La Day, this same district judge made the wise decision that transfer was obviously compelled. See supra note 1.