# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 15-41539

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2016

Lyle W. Cayce
Clerk

In re:  ARCHER DIRECTIONAL DRILLING SERVICES, L.L.C.,

    Petitioner

_____

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 3:15-CV-260

_____

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Archer Directional Drilling Services, L.L.C., petitions this court for a writ of mandamus directing the district court to transfer this case from the Galveston Division to the Houston Division of the Southern District of Texas. We REMAND to allow the district court to make findings that explain its denial of the venue change motion.

The current litigation began when Michael Stanley, a former Archer employee, filed a collective action in the Galveston Division alleging Archer failed to pay him and other employees for overtime in violation of the Fair

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41539

Labor Standards Act and the law of the state in which he had been employed, North Dakota. Archer answered and filed an unopposed motion to transfer the case to the Houston Division. The trial court summarily denied Archer's motion, stating only that it "carefully considered the Motion and applicable law." Archer then filed a petition for a writ of mandamus with this court, seeking to have us direct the district court to transfer the case to the Houston Division. Stanley did not file a response.

To obtain mandamus relief, Archer must demonstrate that (1) it has "no other adequate means to attain the relief [it] desires," (2) the Houston Division is a "clearly more convenient" venue than the Galveston Division, and (3) the district court's ruling was a "clear abuse of discretion." *See In re Radmax, Ltd.*, 720 F.3d 285, 287 (5th Cir. 2013).

Archer sought a venue change under 28 U.S.C. § 1404(a), which provides that a district court may transfer an action to another district or division "[f]or the convenience of parties and witnesses" and "in the interest of justice," as long as the action could have initially been brought in that district or division. Several public and private interest factors are relevant to determining whether to grant a motion to change venue including: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interest decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

2

No. 15-41539

Stanley could have filed his lawsuit in the Houston Division, as Archer's headquarters are located there.  28 U.S.C. § 1391(b).  Archer argues that the Section 1404(a) factors required transfer because Houston is a more convenient venue.  Archer contends its employment documents and many witnesses are located either in Houston or in states from which travel to Houston would be more convenient than to Galveston.  Archer claims Stanley had no connection to Galveston, and less than one percent of the putative plaintiffs' last-known addresses are in the Galveston Division's territory.  Archer also emphasizes that Stanley does not object to transferring the case.

Additionally, Archer argues that the *Volkswagen* and *Radmax* decisions are dispositive and require transfer.  In *Volkswagen*, a car manufacturer sought to transfer a products liability case inter-district from the Marshall Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas.  545 F.3d at 307.  Among the manufacturer's arguments was that the distance between the plaintiff's chosen venue (Marshall) and the location of witnesses and other evidence (Dallas) was 155 miles, making the chosen venue very inconvenient.  *Id.* at 317.  The district court denied the motion, explaining its decision in a detailed order.  This court, sitting en banc, held that all the requirements for mandamus relief were met.  *Volkswagen*, 545 F.3d at 314–19.

Five years after *Volkswagen*, we granted mandamus relief to a defendant company where the district court denied its motion for intra-district transfer from the Marshall Division to the Tyler Division of the Eastern District of Texas about 60 miles away.  *Radmax*, 720 F.3d 285, 288 n.5.  As in *Volkswagen*, the district court issued a decision explaining its denial.  The company filed a petition for writ of mandamus.  *Id.* at 287.  In granting the requested relief, the court concluded that several of the Section 1404(a) factors weighed in favor

3

of transfer: all of the documents and physical evidence were located in Tyler, most of the witnesses were closer to Tyler than Marshall, and Tyler had more local interest in the case because the company conducted business there. *Id.* at 288–90.

Here, unlike in *Volkswagen* and *Radmax*, the district court failed to provide any analysis supporting its denial of Archer's motion to transfer the case. Articulating the basis for the denial of a change of venue motion is "the better practice" for a district court. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). In *Peteet*, although the "trial court inexplicably did not articulate its reasons for its rulings," we declined "to impose an inflexible rule requiring district courts to file a written order explaining their decisions." *Id.* In that case, we were able to determine from the record that the district court had not abused its discretion. *Id.* In the present case, the lack of explanation makes it impossible for us to determine whether the district court clearly abused its discretion, which is required in order for us to decide whether to grant mandamus relief. *See Volkswagen*, 545 F.3d at 310–11.

Therefore, we remand for the limited purpose of requesting that the district court supplement its order. Upon limited remand, the district court should enter a memorandum or order that explains its denial of Archer's motion to transfer venue in light of *Volkswagen* and *Radmax*. After the district court's entry of an explanation, the case should be returned to this court, which will retain jurisdiction during the pendency of the limited remand. *See Wheeler v. City of Columbus*, 686 F.2d 1144, 1154 (5th Cir. 1982).

* * *

Archer's petition is held in abeyance and the cause is REMANDED.