**REVISED MAY 19, 2016**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20267

United States Court of Appeals
Fifth Circuit

**FILED**
May 13, 2016

Lyle W. Cayce
Clerk

In re:  SCHLUMBERGER TECHNOLOGY CORPORATION,

   Petitioner

Petition for a Writ of Mandamus to the
Southern District of Texas
USDC No. 4:15-CV-3002

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

   Schlumberger Technology Corporation ("STC") petitions this Court for a writ of mandamus challenging the district court's order granting Plaintiff Ryan Riva's motion for conditional certification under the Fair Labor Standards Act.

   The district court's order contains no substantive analysis of its decision to grant conditional certification. Although there is generally no "inflexible rule requiring district courts to file a written order explaining

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20267

their decisions,"[1] in this case the district court's "lack of explanation makes it impossible for us to determine" whether mandamus relief would be appropriate here.[2]

We therefore remand for the limited purpose to allow the district court to supplement its order. Upon limited remand, the district court should enter a memorandum or order that explains its decision to grant conditional certification. After the district court's entry of an explanation, the case should be returned to this panel, which will retain jurisdiction during the pendency of the limited remand.[3]

STC's petition is HELD IN ABEYANCE and the case is REMANDED.

---

[1] *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

[2] *See In re Archer Directional Drilling Servs., L.L.C.*, 630 F. App'x 327, 329 (5th Cir. 2016) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310-11 (5th Cir. 2008)).

[3] *See id.*

2