NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  TRUE CHEMICAL SOLUTIONS, LLC,**
*Petitioner*

---

2021-131

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 7:18-cv-00078-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before REYNA, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

On March 5, 2021, the United States District Court for the Western District of Texas granted Performance Chemical Company ("PCC")'s motion for intra-division transfer under 28 U.S.C. § 1404(a).  On the eve of trial, True Chemical Solutions, LLC ("True Chem") now petitions this court for a writ of mandamus reversing that transfer order.  We deny True Chem's petition.

PCC and True Chem, both headquartered in Midland, Texas, deliver oil and gas chemicals to their customers.  In mid-2018, True Chem filed this declaratory judgment

action against PCC in the Western District of Texas, Midland-Odessa Division, asserting that the hydraulic fracturing trailers True Chem uses to deliver the chemicals did not infringe a patent owned by PCC. PCC counterclaimed for infringement, seeking both damages and injunctive relief. In April 2019, the case was reassigned to Judge Albright, who began conducting some proceedings from his courtroom in Waco, Texas.

Weeks before trial was set to begin, PCC moved for intra-division transfer of the case from the Midland-Odessa Division to the Waco Division of the Western District of Texas. Notably, PCC moved to transfer the entire case, not just the trial proceedings. *See In re Intel Corp.*, No. 2021-105, 2020 WL 7647543 (Fed. Cir. Dec. 23, 2020). PCC argued, among other things, that the Waco courthouse had already implemented significant protocols for socially-distanced in-person jury trials and that a trial would be easier to conduct in Waco because it would eliminate the need to coordinate the schedule of Judge Albright with other judges in Midland-Odessa. On March 8, 2021, the district court granted the motion. The court subsequently scheduled trial in Waco for March 29, 2021. On March 11, 2021, True Chem filed this petition.

The legal standard for mandamus relief is demanding. "In general, three conditions must be satisfied for a writ to issue: (1) the petitioner must demonstrate a clear and indisputable right to issuance of the writ; (2) the petitioner must have no other adequate method of attaining the desired relief; and (3) the court must be satisfied that the writ is appropriate under the circumstances." *In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). In the context of transfer rulings, we look to see only if the decision was such a "clear abuse of discretion" that it produced a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (internal quotation marks and citation omitted). Under that exact-

ing standard, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 n.7 (5th Cir. 2008) (en banc) (internal quotation marks and citation omitted).

Section 1404(a) gives district courts broad discretion to determine when party and witness "convenience" or "the interest of justice" make a transfer appropriate. The district court further concluded here, and True Chem does not meaningfully challenge on appeal, that it "has even greater discretion in granting intra-district transfers than [it does] in the case of inter-district transfers." *True Chem. Sols, LLC v. Performance Chem. Co.*, No. 18-cv-00078, 2021 WL 860009, at *1 (W.D. Tex. Mar. 8, 2021); *cf. In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (suggesting, in the context of a § 1404(a) case, that "the traditional deference given to plaintiff's choice of forum . . . is less' for 'intra-district transfers.'" (quoting 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.21[2] at 111–155 (3d ed. 2013))).

We are not prepared to say that the district court clearly abused that discretion. The district court meaningfully analyzed the transfer factors. The court found that the more congested docket in plaintiff's chosen forum would likely cause additional delay and prejudice to PCC, particularly given it was seeking injunctive relief. The district court further found that no non-party witness resides within the Midland-Odessa Division and several non-party witnesses residing in other parts of Texas would find it significantly easier, safer, and cheaper to travel to Waco for trial. The district court added that it was unlikely that an actual physical trailer located in Midland would be an exhibit during the trial and did not foresee the opportunity for any field trips during a trial. Under these circumstances, we cannot say True Chem has established a clear and indisputable right to relief.

4                                    IN RE: TRUE CHEMICAL SOLUTIONS, LLC

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 23, 2021                    /s/Peter R. Marksteiner
       Date                       Peter R. Marksteiner
                                  Clerk of Court

s31