NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  DISH NETWORK L.L.C.,**

*Petitioner*

---

2021-182

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:19-cv-00716-ADA, Judge Alan D. Albright.

---

## ON PETITION AND MOTION

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

## O R D E R

This is the second petition for a writ of mandamus filed by DISH Network, L.L.C. challenging the denial of its motion to transfer this case brought by Broadband iTV, Inc. (BBiTV) in the United States District Court for the Western District of Texas to the United States District Court for the District of Colorado.  When DISH first sought mandamus, we denied that request, stating that the district court should reconsider its decision in light of *In re Samsung Electronics Co.*, 2 F.4th 1371 (Fed. Cir. 2021) and *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020).  On

reconsideration, the district court again denied transfer. We now grant mandamus and direct the district court to transfer the case to the District of Colorado.

I

In December 2019, BBiTV filed suit in the federal district court in Waco, Texas, accusing DISH's set-top boxes and mobile device applications providing video-on-demand functionality of infringing four patents.

DISH moved to transfer the case to the District of Colorado pursuant to 28 U.S.C. § 1404(a). DISH emphasized that its employees knowledgeable about the accused functionality work from its headquarters in Colorado where the accused software functionality was primarily designed and developed. Appx195. DISH also noted that its offices in Austin, Texas had no connection to the infringement allegations. Appx192. DISH additionally identified prior art witnesses and two former employees in Colorado involved in the design and development of the accused products that could only be compelled to testify by the District of Colorado. Appx197–98. DISH further argued that BBiTV is a non-practicing entity based in Hawaii and has no connection to the Western District of Texas. Appx192.

After analyzing the public and private interest factors that traditionally govern transfer determinations, the district court denied the motion on April 20, 2021. The court found that the Texas forum could likely adjudicate the case faster and that judicial economy concerns weighed against transfer because BBiTV had four co-pending suits accusing other set-top box providers of infringing the same patents. The district court found that the rest of the factors were all neutral. On balance, the district court concluded that DISH had failed to show that the District of Colorado was clearly more convenient for this litigation.

On May 28, 2021, DISH petitioned this court for a writ of mandamus that would direct the district court to grant

its motion to transfer. In June 2021, while DISH's petition was pending, this court issued its decision in *Samsung*, which rejected the same reasoning relied on in the court's April 20, 2021 decision as improperly diminishing the convenience of witnesses in the transferee venue merely because of their party status. 2 F. 4th at 1379–1380. At the same time, *Samsung* held that the court had erred in finding a strong public interest favored retaining the case based on the plaintiff's pending action accusing a different accused product of a different defendant of infringing some of the same patents. *Id.* at 1380.

On August 13, 2021, this court denied DISH's first petition for a writ of mandamus. Although we noted several specific errors in the court's analysis of the convenience of the witnesses, practical problems, and local interest factors based on our decisions in *Samsung* and *Apple*, we stated that "[w]e do not view issuance of mandamus as needed here because we are confident the district court will reconsider its determination in light of the appropriate legal standard and precedent on its own." *In re DISH Network L.L.C.*, 856 F. App'x 310, 311 (Fed. Cir. 2021). But on September 3, 2021, the court again denied transfer.

The court conceded that the willing witness factor strongly favored transfer. But it again found that both forums had "significant connections to the events that gave rise to this lawsuit" because DISH operates one of its remanufacturing facilities in Western Texas where it makes, warehouses, sells, and services the accused products and also operates sales and distribution centers in Western Texas for the accused products. Appx3. The court similarly found that the practical problems factor continued to weigh strongly against transfer, because the asserted patents in this case and against the other defendants "are directed to the same underlying technology, which includes all three defendants' accused set-top boxes and that receive on-demand content and system to deliver on-demand content to a subscriber's device." Appx4–5.

## II

Our review of transfer rulings is governed by the law of the regional circuit, which in this case is the Fifth Circuit. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under Fifth Circuit law, the governing principles are well settled. Section 1404(a) authorizes a court to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice[.]" Fifth Circuit law provides that a motion to transfer should be granted if "the movant demonstrates that the transferee venue is clearly more convenient." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

A district court enjoys broad discretion in making a transfer determination. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). We have explained, however, that our deference does not exempt transfer determinations from scrutiny on mandamus. *See Samsung*, 2 F.4th at 1379. When a court's denial of a motion to transfer under section 1404(a) clearly contravenes governing legal standards, we have issued mandamus to overturn the denial of transfer. *See, e.g.*, *In re Juniper Networks, Inc.*, No. 2021-160, __ F.4th __, 2021 WL 4343309, at *7 (Fed. Cir. Sept. 24, 2021); *Apple*, 979 F.3d at 1332. We conclude that the court clearly abused its discretion here in finding that DISH failed to make the requisite showing for transfer of this case to the District of Colorado.

As in *Samsung*, *Apple*, and *Juniper*, the center of gravity of this patent infringement action is clearly in Colorado, not in Western Texas. First, the district court itself recognized that the convenience of the potential witness factor, which this court has said "is probably the single most important factor in transfer analysis," *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329

(E.D.N.Y. 2006)), strongly favors Colorado over Western Texas.

Second, the district court erred in not weighing the sources of proof factor in favor of transfer. It is undisputed that DISH's documents relevant to this case are stored at its headquarters in Colorado and that no sources of proof are in Western Texas. The district court found this factor was neutral solely because DISH's documents are "stored electronically." Appx505. That was error. "While electronic storage of documents makes them more widely accessible than was true in the past, the fact that documents can often be accessed remotely does not render the sources-of-proof factor irrelevant." *Juniper*, 2021 WL 4343309 at *6; *see also Volkswagen*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.").

Third, the district court erred in not weighing the compulsory process factor in favor of transfer. DISH identified prior-art witnesses and former employees knowledgeable about the design and development of the accused product in the District of Colorado. By contrast, no party identified a non-party witness in Texas. The court's finding that this factor was neutral was based on clear legal error. The court improperly substituted its own assumption that prior art witnesses were unlikely to testify in place of a specific reason to believe that those identified witnesses would not testify. *See In re Hulu, LLC*, No. 2021-142, __ F. App'x __, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021). Moreover, the court improperly weighed against transfer that "the movant has not alleged or shown that any witnesses are unwilling to testify[.]" Appx505. We have stated that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018).

Fourth, when fairly applied, the local interest factor also favors transfer. The court acknowledged that DISH's "current and former employees who designed the accused product all acted and reside in Colorado (where DISH is headquartered)." Appx3. In concluding that this factor was neutral, the court relied on the fact that the Western District of Texas is the location for "one of [DISH's] two re-manufacturing facilities" and "sales and distribution centers." *Id.* But the court itself recognized that there was no indication that DISH employees "working in its remanu-facturing and call center facilities may possess software or hardware information relevant to this case." Appx507–08. Thus, even if these Texas-based operations may have some connection to the accused set-top boxes here, that connection is insubstantial compared to Colorado's significant connection to the design and development of the accused features. *See Juniper*, 2021 WL 4343309, at *5.

Fifth, the district court erred in weighing the practical problems factor significantly against transfer. "[W]hile we recognize that judicial economy can serve important ends in a transfer analysis, we have rejected as a general prop-osition that the mere co-pendency of infringement suits in a particular district automatically tips the balance in the non-movant's favor." *In re NetScout Sys., Inc.*, 2021-173, __ F. App'x __, 2021 WL 4771756 at *5 (Fed. Cir. Oct. 13, 2021); *Samsung*, 2 F.4th at 1379–80; *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017); *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("To be clear, we are not suggesting that the judicial econ-omy of having the same judge handle multiple suits involv-ing the same patents should dominate the transfer inquiry.").

In *Samsung*, we rejected a very similar argument that a forum where no witnesses resided, no evidence was lo-cated, and none of the conduct giving rise to the action took place should nonetheless adjudicate the case because the plaintiff had co-pending cases in the same district court

involving the asserted patents.  We explained that the underlying accused products in those cases involved "entirely different underlying application[s]," 2 F.4th at 1379, and the cases therefore were likely to "result in significantly different discovery, evidence, proceedings, and trial."  *Id.* at 1380 (internal quotation marks and citation omitted). We further explained that "to the extent that there are remaining overlapping invalidity or infringement issues, the MultiDistrict Litigation Procedures exist to effectuate this sort of efficiency."  *Id.* (internal quotation marks and citation omitted).  Thus, even if keeping the cases together might produce "incremental gains" in judicial economy, we concluded in *Samsung* that they were "simply . . . not sufficient to justify overriding the inconvenience to the parties and witnesses."  *Id.* at 1380.

Our decision in *Samsung* cannot be squared with the district court's denial of transfer in this case.  As in *Samsung*, several of the private-interest and public-interest factors strongly favor transfer.  Moreover, each of BBiTV's co-pending suits in the Western District of Texas involve different defendants with different hardware and different software.  Thus, as in *Samsung*, they are therefore likely to involve significantly different discovery and evidence. Applying the same analysis we applied in *Samsung* here requires that we conclude that any judicial economy considerations in keeping this case in Texas are insufficient to outweigh the clear benefits of transfer in light of the imbalance in the parties' respective presentations on the other private-interest and public-interest factors.

Finally, the district court found that the court congestion factor weighed against transfer because its own "default schedule would lead to a trial date much sooner" and because "transferring this case and establishing a new schedule with a new presiding judge would cause greater delay."  Appx510.  But in *Samsung*, we explained that "a court's general ability to set a fast-paced schedule is not particularly relevant to this factor," 2 F.4th at 1380

(citation and quotation marks omitted), and as in that case, neither BBiTV nor the district court point to any reason that such pace is important enough to be assigned significant weight in this analysis. Moreover, such "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *Radmax*, 720 F.3d at 289.

In sum, this case is a close cousin of our decisions in *Apple*, *Juniper*, and *Samsung*. As in those cases, several of the most important factors bearing on the transfer decision in this case strongly favor the transferee court. While BBiTV may prefer to litigate its cases in the Western District of Texas, that is not enough to overcome a transfer motion directed to a district which is the home of evidence, witnesses, and the conduct giving rise to the action. We therefore grant DISH's petition and direct transfer.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for leave to submit a supplemental appendix is granted.

(2) The petition is granted. The district court's order denying DISH's motion to transfer is vacated, and the district court is directed to grant the transfer motion.

(3) All other pending motions are denied as moot.

FOR THE COURT

October 21, 2021                  /s/ Peter R. Marksteiner
Date                             Peter R. Marksteiner
                                 Clerk of Court