NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,**
*Petitioners*

---

2023-146

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00535-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before PROST, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

### O R D E R

Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") petition for a writ of mandamus directing the United States District Court for the Western District of Texas ("WDTX") to transfer this case to the United States District Court for the Northern District of California ("NDCA").  DoDots Licensing Solutions LLC opposes.  Because the district court's refusal to transfer here amounted to a clear abuse

of discretion leading to a patently erroneous result, we grant mandamus directing transfer.

## I.

DoDots brought suit in the Waco division of WDTX accusing Samsung's mobile phone and tablet devices of infringing three patents.[1] Samsung moved to transfer the case to NDCA under 28 U.S.C. § 1404(a), arguing that the teams from Google Inc. and Samsung that developed and maintain the functionality at the center of the infringement allegations are in NDCA or Korea; that key third-party witnesses could be compelled to testify only in NDCA; and that WDTX has no meaningful connection to the events giving rise to this patent infringement suit.

After analyzing the private and public interest factors that govern transfer determinations, the district court denied the motion, concluding that the balance of these factors weighed against transfer. In particular, the district court agreed that the availability of compulsory process to secure the attendance of witnesses factor and the local interest factor favored transfer. But it found that WDTX was more convenient for the witnesses and that the practical problems factor weighed against transfer in light of Do-Dots' co-pending lawsuits in WDTX alleging infringement of the same patents. The court found that the remaining factors were neutral. On balance, the district court concluded that Samsung had failed to show that NDCA was clearly more convenient. Samsung then filed this petition. We have jurisdiction under 28 U.S.C. §§ 1651 and 1295.

---

[1] DoDots' complaint originally included claims against Best Buy Stores, L.P., BestBuy.com, LLC, and Best Buy Texas.com, but the district court subsequently severed and stayed those claims under the customer-suit exception.

## II.

We apply regional circuit law when reviewing motions to transfer under § 1404(a). *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021). We review transfer determinations in cases arising on mandamus from district courts in the Fifth Circuit for "clear abuses of discretion that produce patently erroneous results." *In re Planned Parenthood Fed. Am.*, 52 F.4th 625, 629 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc)). Under Fifth Circuit law, transfer "should be granted if the movant demonstrates that the transferee [forum] is clearly more convenient" based on an assessment of the private and public interest factors. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen*, 545 F.3d at 315 (internal quotation marks omitted)). Here, we conclude that the court clearly abused its discretion in finding Samsung had failed to make the requisite showing to transfer to NDCA.

First, the district court's conclusion that the compulsory process factor favors transfer was amply supported by the record. The district court identified several non-party witnesses in NDCA that could only be compelled to testify if the case were transferred. Key among those witnesses are employees of non-parties Samsung Research America and Google knowledgeable about the design and development of the accused functionality; three named inventors; and two individuals associated with DoDots' predecessor with relevant and material information about the prosecution and licensing of the asserted patents. Although Do-Dots identified some Google employees and Samsung contractors in Texas, the court found their relevance to the case to be largely limited; and, in any event, more potential witnesses could be compelled to testify, if necessary, if the case were transferred.

Second, the district court correctly concluded that the local interest factor favors transfer to NDCA. The accused

functionality was in part researched, designed, and developed in NDCA and the patented technology was also invented in NDCA. That clearly gives NDCA a significant connection to the events giving rise to this suit. *See In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) ("[B]ecause the accused products were designed, developed, and tested in NDCA; and because the lawsuit 'calls into question the work and reputation of several individuals residing' in NDCA, *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009), this factor weighs in favor of transfer."). The WDTX has no comparable connection to this case.

Third, the district court clearly abused its discretion in weighing the willing witness factor against transfer rather than in favor. Samsung identified ten SEA employees in NDCA and twenty SEC employees in Korea that have relevant and material information. By contrast, DoDots identified no potential witnesses in WDTX. The court nonetheless weighed this factor against transfer because the additional inconvenience for SEC employees to have to travel to Texas rather than California was only "slight," Appx8, and WDTX would be more convenient for certain Samsung employees who had information relevant to the marketing and sales of the accused products residing in Eastern Texas, Appx8–9.

The Fifth Circuit recently rejected similar reasoning in *In re TikTok, Inc.*, 85 F. 4th 352 (5th Cir. 2023). Because most of the potential witnesses here are in Korea and NDCA, transfer would greatly reduce the time and inconvenience of travel. As in *TikTok*, the presence of some Samsung employees in Eastern Texas, who have no technical knowledge of the accused functionality here, "cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in" WDTX. *Id.* at 361. The district court thus abused its discretion by not weighing this factor in favor of transfer.

Fourth, the district court clearly erred in weighing the practical problems factor against transfer. The district court pointed to co-pending litigation brought by DoDots in WDTX against Apple Inc.[2] and the Best Buy defendants. Curiously, the court found that "judicial efficiency will be improved if" these cases "remain in the same district," even though it granted Apple's motion to transfer to NDCA on the same day it denied Samsung's request and previously stayed the claims against Best Buy pending the outcome of the Samsung litigation. Appx23. This record simply provides no basis to conclude that judicial economy considerations weigh in favor of keeping this case in WDTX. If anything, now that the claims against Apple will be litigated in NDCA,[3] the district court's reasoning would warrant weighing this factor in favor of transfer.

Finally, we see no clear abuse of discretion in the district court's assessment of the remaining transfer considerations as weighing in favor of neither forum. In particular, the court plausibly weighed the sources of proof factor as neutral here, since it does not appear either party identified sources of proof that would be easier to access in one forum over another. *See Planned Parenthood*, 52 F.4th at 630. And, to whatever extent WDTX's docket is less congested than NDCA, the district court plausibly concluded that the court congestion factor was not worthy of material weight given there is no contention that DoDots is engaged in product competition or is threatened in the market. *See*

---

[2]    *DoDots Licensing Sols. LLC v. Apple Inc.*, No. 6:22-cv-533-ADA, ECF No. 125 (W.D. Tex. July, 2023).

[3]    Although DoDots filed a petition for a writ of mandamus seeking review of the district court's transfer order, today we issued an order denying that petition. *See In re DoDots Licensing Sols., LLC*, Appeal No. 2024-100 (Fed. Cir. December 14, 2023).

*In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Because several factors favor NDCA and "not a single relevant factor favors [DoDots'] chosen venue," *TikTok*, 85 F.4th at 358 (citation omitted), we grant mandamus and direct the district court to transfer to NDCA.

Accordingly,

IT IS ORDERED THAT:

The petition is granted. The district court's order denying transfer is vacated, and the district court is directed to grant the transfer motion.

FOR THE COURT

December 14, 2023
Date

Jarrett B. Perlow
Clerk of Court