NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: HONEYWELL INTERNATIONAL INC.,**
*Petitioner*

---

2023-152

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00843-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

Honeywell International Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this action to the United States District Court for the Western District of North Carolina. Lone Star SCM Systems, Ltd. opposes. We conclude that the court's denial of Honeywell's motion to transfer amounts to a clear abuse of discretion leading to a patently erroneous result. We accordingly grant Honeywell's mandamus petition and direct transfer.

I.

Lone Star, an apparent patent assertion entity based in the Northern District of Texas, brought this action in the Waco Division of the Western District of Texas. *See* Appx1, Appx27. Lone Star's complaint charges Honeywell, a Delaware corporation headquartered in Charlotte, North Carolina, with induced and contributory infringement of four patents related to radio frequency identification (RFID) used to track items.

Honeywell moved to transfer the case to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). In support, Honeywell argued that the various RFID readers and near-field communication devices accused of direct infringement were designed, manufactured, imported, and sold by Hand Held Products, Inc. ("Hand Held"), a Honeywell subsidiary also headquartered in Charlotte with relevant operations in nearby Fort Mill, South Carolina.

Honeywell argued that any of its evidence and employees with relevant and material information would likely be in the Western District of North Carolina. Honeywell also identified in the Charlotte area five potential witnesses from Hand Held, including its VP GM of Connected Supply Chain who is knowledgeable about the development, marketing, and sales of the accused products; two engineers knowledgeable about the accused software and hardware functionality; and two individuals with relevant and material information related to marketing and sales.

The district court denied Honeywell's motion. At the outset, the court found that this action could have been brought in the Western District of North Carolina, satisfying the threshold requirement for transfer under section 1404(a). The district court then analyzed the private-interest and public-interest factors that the Fifth Circuit has directed courts to use in making transfer decisions under section 1404(a). *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)) ("*Volkswagen II*").

With respect to the private interest factors, the court noted that the bulk of the relevant evidence would likely come from Honeywell and Hand Held and found that the sources of proof factor at least slightly favored transfer given the location of document custodians in the Western District of North Carolina. The court also determined that the compulsory process factor at least slightly favored transfer, noting primarily the presence of the Hand Held employees identified as potential witnesses within the subpoena power of the transferee court.

Turning to the convenience of the potential witnesses, the district court noted that at least one Honeywell employee witness, its Chief Intellectual Property Counsel, resides in the Western District of North Carolina, and that no party identified any potential party witnesses in the Western District of Texas. Nonetheless, the court concluded that this factor weighed against transfer based on the location of Lone Star's President, Secretary, and Chief Technologist in the Northern District of Texas.

With respect to the public interest factors, the court determined that the local interest factor at least slightly weighed in favor of transfer because of the presence of relevant Hand Held employees in that district. However, because Lone Star had two co-pending lawsuits against other defendants in the Western District of Texas alleging infringement of the same patents, the court found that the practical problems factor weighed against transfer. The remaining factors, the court found, were neutral. On balance, the court concluded that Honeywell had failed to demonstrate that the Western District of North Carolina was clearly more convenient and denied transfer.

## II.

We apply regional circuit law when reviewing motions to transfer under § 1404(a). *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021). In applying Fifth Circuit law, we have recognized that a district court enjoys

broad discretion in making a transfer determination. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). However, when a district court's denial of a motion to transfer clearly contravenes governing legal standards leading to a patently erroneous result, we have issued mandamus to overturn the denial of transfer. *See, e.g., In re Apple Inc.*, 979 F.3d 1332, 1346 (Fed. Cir. 2020).

Under Fifth Circuit law, transfer "should be granted if the movant demonstrates that the transferee venue is clearly more convenient." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen II*, 545 F.3d at 315 (internal quotation marks omitted)). Honeywell satisfied that standard here. The district court itself determined that the sources of proof, compulsory process, and localized interest factors all favor transfer to the Western District of North California. The district court denied transfer based on its assessment of the willing witness and practical problems factors. But a study of the record here makes clear that the only connection between this case and the Western District of Texas is that it appears that Lone Star prefers to file its suits there.

The district court correctly determined that the local interest factor favored transfer. It appears undisputed that Honeywell and Hand Held officials and employees in the transferee venue were involved in the design and development of the accused products. *See Def. Distrib. v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) (noting that the local interest factor "'most notably regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit.'" (quoting *Apple.*, 979 F.3d at 1345)). Although the district court expressed the view that the District of South Carolina has a greater local interest than the Western District of North Carolina, this factor still clearly favors transfer, as the Western District of Texas has no meaningful connection to the events that gave rise to this infringement suit.

The district court also reasonably determined that the sources of proof factor favored transfer to the Western District of North Carolina. Custodians of relevant records from both Honeywell and Hand Held are located there. Notwithstanding potential document custodians in Texas, the court here reasonably concluded that this factor weighed in favor of transfer because most of the evidence would be coming from the transferee venue. *See In re Genentech Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.") (internal quotation marks and citation omitted)).

Moreover, and perhaps most significantly, the court recognized that the location of potential witnesses associated with Hand Held in the greater Charlotte area favored the transferee forum. Several Hand-Held employees knowledgeable about the design, development, functioning, marketing, and sales of the accused products reside within 100 miles of the transferee court. Maintaining this case in the Western District of Texas would not be convenient for those witnesses. Moreover, because these potential witnesses reside within 100 miles of the transferee court, transfer ensures that the Western District of North Carolina could compel those individuals to appear for both deposition and trial. *See* Fed. R. Civ. P. 45(c)(1).

The court found that the convenience of the willing witnesses weighed against transfer, pointing to the presence of three Lone Star employees in Texas. Those individuals, however, do not live in the Western District of Texas, and it appears they will need to travel more than 100 miles to reach either forum, though admittedly their travel to the Western District of North Carolina would be more extensive. Furthermore, the court noted that it was unclear what, if any, relevant and material information these individuals have. *See* Appx13. With Honeywell's employee witness in the Western District of North Carolina and no willing witness identified in the Western District of Texas,

it cannot fairly be said that the willing witness factor supports keeping this case in Waco, Texas. *See In re TikTok, Inc.*, 85 F.4th 352, 359 (5th Cir. 2023) ("[T]he court erred by comparing Texas with California when it should have been comparing the Western District of Texas with the Northern District of California.").

Lone Star also defends the district court's decision to deny transfer based on judicial economy considerations related to having one court resolve this case and two other infringement suits Lone Star had brought in the Western District of Texas against different defendants. We have held under similar circumstances, however, that the "incremental gains" in judicial economy that might result from "keeping these cases in the Western District of Texas simply are not sufficient to justify overriding the inconvenience to the parties and the witnesses." *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021).

In *Samsung*, as in this case, the infringement action lacked any legitimate mooring to the Western District of Texas relating to the location of parties, witnesses, or evidence. The district court nonetheless denied transfer based largely on judicial economy grounds, even though the underlying accused products across the different suits involved "entirely different underlying application[s]," *id.* at 1379. We granted mandamus and directed transfer, noting that the cases were likely to "result in significantly different discovery, evidence, proceedings, and trial." *Id.* at 1380 (internal quotation marks and citation omitted). To the extent that there are remaining overlapping invalidity or infringement issues, we noted that "the MultiDistrict Litigation Procedures exist to effectuate this sort of efficiency." *Id.* (internal quotation marks and citation omitted).

The same reasoning applies here: Lone Star's other suits in the Western District of Texas involve different defendants with different hardware and different software

and are therefore likely to involve significantly different discovery, evidence, and issues. While Lone Star may prefer to litigate its cases in Western Texas, that is not enough to overcome Honeywell's showing that the Western District of North Carolina is the clearly more convenient venue. *See generally Volkswagen II*, 545 F.3d at 314 (holding that the burden of demonstrating that the transferee forum is clearly more convenient "reflects the appropriate deference to which the plaintiff's choice of venue is entitled").

In sum, as in *TikTok* and other recent cases in which this court and the Fifth Circuit have granted mandamus, several important transfer factors favor transfer, while nothing of significance ties this case to the Western District of Texas. *See* 85 F.4th at 366. For these reasons, we hold that the decision to deny transfer was a "clear abuse of discretion leading to a patently erroneous result." *Id.* (internal quotation marks and citation omitted). We therefore grant Honeywell's petition seeking transfer of this case to the Western District of Northern Carolina.

Accordingly,

IT IS ORDERED THAT:

The petition is granted. The district court's order denying transfer is vacated, and the district court is directed to grant the transfer motion.

FOR THE COURT

January 26, 2024
Date

Jarrett B. Perlow
Clerk of Court