NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re HAPTIC, INC.,**
*Petitioner*

---

2024-121

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 1:23-cv-01351-RP, Judge Robert L. Pitman.

---

**ON PETITION**

---

Before STOLL, CUNNINGHAM, and STARK, *Circuit Judges.*

STOLL, *Circuit Judge.*

## O R D E R

The United States District Court for the Western District of Texas ("WDTX") transferred Haptic, Inc.'s patent infringement case against Apple Inc. to the United States District Court for the Northern District of California ("NDCA"). Haptic now petitions for a writ of mandamus directing the district court to vacate that order and requests the case be returned to WDTX. We deny the petition.

Haptic brought this suit against Apple in the WDTX, alleging that the "Back Tap" feature on Apple's iPhones

infringes Haptic's patent relating to gesture detection systems. Apple moved pursuant to 28 U.S.C. § 1404(a) to transfer the case to NDCA, which the district court granted after analyzing the public- and private-interest factors relevant under § 1404(a). Specifically, the court found three factors weighed in favor of transfer and the remaining factors were neutral. The court explained that Apple had "clearly shown through its employee declarations that the bulk of its relevant evidence is in NDCA, not WDTX;" that "the majority of the Apple employees who developed and work with the allegedly infringing technology are in" NDCA; and that the creation of the accused product "largely took place in NDCA and not in WDTX." Appx006; Appx011; Appx014. This petition followed. We have jurisdiction under 28 U.S.C. §§ 1295(a)(1) and 1651(a).

We follow regional circuit law in reviewing decisions to transfer made under § 1404(a). *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). It is well established under Fifth Circuit law that transfer "should be granted if 'the movant demonstrates that the transferee venue is clearly more convenient.'" *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)). And on mandamus, which is a "drastic and extraordinary remedy," *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004), we will disturb a district court's decision transferring a case only if it amounts to a "'clear' abuse of discretion" that produced a "patently erroneous result." *TS Tech*, 551 F.3d at 1319 (quoting *Volkswagen*, 545 F.3d at 310); *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023). We cannot say Haptic has made that showing here.

Haptic challenges several of the court's transfer findings, but its arguments are unpersuasive particularly in light of the applicable standard of review on mandamus. As to the sources of proof factor, we cannot agree with Haptic that the district court clearly erred in relying exclusively on source code and other electronic sources of proof

in NDCA in finding that this factor favors transfer. Notably, Apple submitted sworn declarations attesting to the fact that such information was restricted on a need-to-know basis to Apple employees located in NDCA and areas outside WDTX. *See, e.g.*, Appx106. Under such circumstances, the district court here reasonably could conclude under Fifth Circuit law that the sources of proof are more easily accessible from NDCA than WDTX. *See TikTok*, 85 F.4th at 359 ("[T]he key evidence may be electronic, but . . . it is not equally accessible in either forum." (internal quotation marks and citation omitted)).

As to the cost of attendance for willing witnesses, Apple submitted sworn declarations in support of its motion demonstrating that several of its employees knowledgeable about the accused functionality, the sales and marketing of the accused products, and Apple's licensing practices are either in NDCA or would find the transferee venue more convenient, while no Apple employee in WDTX appeared to have relevant and material information. The district court recognized that Haptic identified two of its own potential witnesses in WDTX and one potential witness in Houston, Texas, but determined that, on balance, the burden on potential witnesses would be materially less if the case were transferred to NDCA. We have no basis to second guess that determination on mandamus review.[1]

---

[1]    Haptic contends that if this court does not decide to reverse the district court's transfer ruling, it should order the district court to allow Haptic to take discovery of individuals responsible for the development of the Back Tap feature, the locations in which Apple stores documents, and to test or challenge other statements made in Apple's declarations. However, Haptic's discovery request in the district court amounted to just a single sentence in its opposition to Apple's transfer motion and did not even

The court also reasonably concluded that the local interest factor favors transfer, given at least part of the design and development of the accused products took place in NDCA, and not at all in WDTX. *See In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020). Although Haptic argues that a 2016 meeting between its predecessor and Apple in Houston forms the basis of its willfulness contentions and that Haptic developed its own technology in WDTX, we cannot say that the district court clearly erred in refusing to find those establish a comparable local interest in WDTX, since, as the district court noted, the meeting "took place outside of WDTX," and "[i]t was not Haptic's creation of [its own product] that gave rise to this suit but rather Apple's creation of" the accused product. Appx013–14.

Finally, as to court congestion, Haptic likens this case to *In re Clarke*, 94 F. 4th 502, 515 (5th Cir. 2024), relying on the district court's statement here that "the undersigned has a particularly busy civil caseload." Appx012. But this comparison is inapt. In *Clarke*, the Fifth Circuit granted mandamus to reverse transfer on the ground that "transfer cannot be granted solely because of court congestion." 94 F.4th at 515. There, "none of the [other transfer] factors specifically weighed in favor of transferring the case." *Id.* at 516. Here, by contrast, the district court weighed the court congestion factor in its analysis only as neutral or "slightly in favor of transfer at best," Appx013, and reasonably found several other factors favored transfer.

Accordingly,

---

indicate the type of discovery it sought. Under these circumstances, Haptic does not have a clear entitlement to discovery.

IN RE HAPTIC, INC.                                                                 5

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 25, 2024
Date