# United States Court of Appeals for the Federal Circuit

---

**IN RE ACER AMERICA CORPORATION, CYBERLINK.COM CORPORATION, GATEWAY, INC., APPLE, INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., MICROSOFT CORPORATION, NERO AG, NERO, INC., SONIC SOLUTIONS, SONY CORPORATION, AND SONY ELECTRONICS, INC.,**
*Petitioners.*

---

Miscellaneous Docket No. 942

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 2:08-CV-369, Magistrate Judge Charles Everingham IV.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before GAJARSA, SCHALL, and MOORE, *Circuit Judges.*

SCHALL, *Circuit Judge.*

---

ELAINE Y. CHOW, K&L Gates LLP, of San Francisco, California, for petitioners Acer America Corp., et al. With her on the petition was HOLLY A. HOGAN.

MARK C. SCARSI, Milbank, Tweed, Hadley & McCloy LLP, of Los Angeles, California, for petitioner Apple Inc.

JOSHUA M. MASUR, Turner Boyd, LLP, of Palo Alto, California, for petitioner ASUS Computer International.

SCOTT F, PARTRIDGE Baker Botts, LLP, of Houston, Texas, for petitioner Dell Inc. With him on the petition was ROGER J. FULGHUM.

GEORGE F. PAPPAS, Covington & Burling LLP, of Washington, DC, for petitioner Microsoft Corporation. With him on the petition were RICHARD L. RAINEY, R. JASON FOWLER and RANGANATH SUDARSHAN. Of counsel was ROGER A. FORD.

M. CRAIG TYLER, Wilson Sonsini Goodrich & Rosati, PC, of Austin, Texas, for petitioners Nero, Inc., et al.

RODERICK M. THOMPSON, Farella Braun & Martel LLP, of San Francisco, California, for petitioner Sonic Solutions. With him on the petition was ANDREW LEIBNITZ.

LEWIS V. POPOVSKI, Kenyon & Kenyon LLP, of New York, New York, for petitioners Sony Corporation, et al. With him on the petition were MICHELLE CARNIAUX and ZAED M. BILLAH.

BYRON W. COOPER, Goodwin Procter LLP, of Menlo Park, California, for respondent MedioStream, Inc. With him on the response were GREGORY SCOTT BISHOP, ANDY H. CHAN and REBECCA L. UNRUH.

———————————

# O R D E R

The twelve petitioners, defendants in a patent infringement action, seek a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its orders denying their motion to transfer venue, and to direct transfer to the United States District Court for the Northern District of California. The plaintiff in the infringement action, MedioStream, Inc., opposes. Petitioners reply.

MedioStream, a company headquartered in the Northern District of California, brought suit in the Eastern District of Texas against twelve hardware and software companies, five of which are also headquartered in the Northern District of California. The petitioners moved to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a), which authorizes transfer "[f]or the convenience of parties and witnesses, in the interest of justice." The petitioners argued that trial in the Northern District of California would be convenient for several of the parties and witnesses. The district court denied the motion, based largely on the presence of one petitioner, Dell, Inc., which is headquartered in Round Rock, Texas, which is outside the Eastern District and some 300 miles from Marshall, Texas, where the litigation is pending.

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a patently erroneous denial of transfer. *See In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

In determining whether the transferee venue is clearly more convenient, the Fifth Circuit applies the public and private factors used in *forum non conveniens* analysis. *Volkswagen*, 545 F.3d at 314 n.9. As we noted in *TS Tech*, the private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. 551 F.3d at 1319. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law. *Id.*

All of the U.S.-based companies in this case except for Dell are headquartered in California, including six companies actually located within the Northern District of California. Meanwhile, no party is headquartered in the Eastern District of Texas. Our prior orders in venue transfer cases make clear that the combination of multiple parties being headquartered in or near the transferee venue and no party or witness in the plaintiff's chosen forum is an important consideration. *See Nintendo*, 589 F.3d at 1198 ("[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer."); *see also Hoffmann*, 587 F.3d at 1336 (emphasizing the stark contrast in relevance, convenience, and fairness between the two venues); *TS Tech*, 551 F.3d at 1320

(same). With that in mind, we turn to the § 1404(a) factors relevant to the outcome of this petition.[1]

One important factor in a § 1404(a) calculus is the convenience of the witnesses. A substantial number of party witnesses, in addition to the inventor and prosecuting attorneys, reside in or close to the Northern District of California.[2] If all of these witnesses were required to travel to the Eastern District of Texas, the parties would likely incur significant expenses for airfare, meals, and lodging, as well as losses in productivity from time spent away from work. *See Volkswagen*, 545 F.3d at 317. In

---

[1] The district court determined without dispute here by the parties that the court congestion, familiarity with governing law, and conflict of law factors do not favor either venue. The parties also do not dispute the district court's proper determination that MedioStream could have originally brought this suit in the Northern District of California.

[2] The inventor, prosecuting patent attorneys, and identified potential employee witnesses of MedioStream all reside within the Northern District of California, with the exception of MedioStream's Chief Technical Officer, who resides in Bedford, Massachusetts. Apple states that all of its potential witnesses are also located in Northern California. ASUS states that many of its potential witnesses would likely reside in Fremont, California, which is in the Northern District of California, and Acer and Gateway state that many of their potential witnesses would likely come from California. Sonic Solutions' Chief Technology Officer, who is also a resident of Northern California, states without contradiction that he is the person in the company who is most familiar with the software development process. Additionally, Nero's executives and at least one of its software developers who authored the source code relevant to these proceedings reside in California. Finally, Sony and Microsoft identified potential witnesses in San Diego, California, and Redmond, Washington, respectively, which are much closer to Northern California than to Eastern Texas.

addition, these witnesses will suffer the "personal costs associated with being away from work, family, and community." *Id.* These costs would be significantly minimized or avoided by transferring the case to Northern California. MedioStream maintains that the trial court correctly determined that this factor weighed in neither venue's favor because of the potential for more than one Dell employee testifying. The number of Dell witnesses, even if greater than one, will be insignificant, given that the allegation of infringement against Dell is largely based on integrated software of other defendants with headquarters outside of Texas. Thus, the witness convenience factor clearly favors transfer.

The venue's ability to compel testimony through subpoena power is also an important factor in the § 1404(a) calculus. To the extent, if any, that the subpoena powers of the Eastern District of Texas pursuant to Rule 45(b)(2) of the Federal Rules of Civil Procedure may be invoked with respect to Dell employees, those powers will be of little other use in this case. By comparison, the subpoena powers of the Northern District of California may be expected to be invaluable, in the event process is required to hale relevant witnesses into court. This factor surely tips in favor of transfer.

With regard to the location of likely sources of evidence, it appears that a significant portion of the evidence will be located within the Northern District of California. MedioStream's sources of proof are likely located within the Northern District of California, along with the records of the prosecuting patent attorneys. Acer's allegedly infringing products were "researched, designed, developed and tested within California," and "[a]ll decisions regarding marketing, sales, and pricing of any such allegedly infringing products would have occurred predominantly in California." Pet'r's App. 49. According to ASUS's disclo-

sures, "[a]ll decisions regarding marketing, sales, and pricing of any such allegedly infringing products would have occurred predominantly in Fremont," which is within the Northern District of California. Pet'r's App. 61. Apple's evidence is likely to be in Northern California, where Apple states its technical research, design, development, and testing work regarding the accused products occurs. Sonic Solutions has primary offices in Northern California which likely house potential sources of proof. Finally, Nero has its primary offices in California and its sources of proof will therefore likely be located much closer to the transferee venue.

In comparison, no party identified any likely source of proof in the Eastern District of Texas. Yet, the district court concluded that this point was not enough to weigh this factor in favor of transfer. While Dell may be a significant source of evidence, Dell's headquarters lies outside the Eastern District of Texas. In any event, it is unreasonable to suggest that Dell's evidence alone could outweigh the convenience of having the evidence from multiple defendants located within the transferee venue of trial. Thus, the sources of proof factor also weighs significantly in favor of transfer.

The local interest factor also strongly favors transfer. While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor. *Hoffmann*, 587 F.3d at 1338. Here, unlike the Eastern District of Texas, the Northern District of California has a localized interest in this matter. The company asserting harm and many of the companies alleged to cause that harm are all residents of that district, as are the inventor

and patent prosecuting attorneys whose work may be questioned at trial.

In sum, the convenience of the parties and witnesses, the sources of proof, the local interest, and the compulsory process factors all significantly favor transfer. Meanwhile, no factor remotely favors keeping this case in the Eastern District of Texas. Although Dell may be a likely source of evidence at trial and is closer to the Eastern District of Texas, the district court's conclusion that Dell's presence in Texas was enough to preclude transfer here is in our view a clear abuse of discretion. We therefore grant the petition.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted. The District Court for the Eastern District of Texas is directed to vacate its orders denying petitioners' motion to transfer venue, and to direct transfer to the United States District Court for the Northern District of California.

FOR THE COURT


December 3, 2010                    /s/ Jan Horbaly
        Date                        Jan Horbaly
                                    Clerk


cc:  Joshua M. Masur, Esq.
     Elaine Y. Chow, Esq.
     Mark C. Scarsi, Esq.
     Scott F. Partridge, Esq.
     George F. Pappas, Esq.

M. Craig Tyler, Esq.
Roderick M. Thompson, Esq.
Lewis V. Popovski, Esq.
Byron W. Cooper, Esq.
Clerk, United States District Court For The Eastern
District Of Texas