NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  GOOGLE LLC,**
*Petitioner*

---

2021-178

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00804-ADA, Judge Alan D. Albright.

---

## ON PETITION AND MOTION

---

Before DYK, PROST, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

The United States District Court for the Western District of Texas denied Google LLC's motion to transfer the case to the United States District Court for the Northern District of California based on its expected time to trial despite the court itself finding that the transferee venue was otherwise more convenient. Because that determination amounts to a clear abuse of discretion, we grant mandamus directing the district court to transfer.

I

In September 2020, Express Mobile, Inc. filed this suit against Google in the Western District of Texas, accusing certain functionalities in Google Ads, Google Slides, and Google Docs of infringing five of Express Mobile's patents.

Google moved to transfer the case under 28 U.S.C. § 1404(a), arguing that the Northern District of California was a more convenient forum. Google emphasized that its employees who are knowledgeable about the accused functionalities are located in the Northern District of California and New York. Although Google maintains offices in Austin, Texas, Google stated that its employees from those offices had not worked on the design or development of the accused functionalities. Google also argued that Express Mobile is a non-practicing entity headquartered in the Northern District of California with no ties to the Western District of Texas. Google further argued that judicial economy considerations favored transfer because Express Mobile had asserted the same patents in multiple suits filed in the Northern District of California. In light of this information, Google asked the district court to transfer its case to the Northern District of California.

After analyzing the private and public interest factors that traditionally govern transfer determinations, the district court denied Google's motion, finding that these factors did not favor transfer to the Northern District of California. In particular, the court agreed that the Northern District of California was more convenient for potential party witnesses, had more of a local interest in the case, and had an advantage over the Western District of Texas in being able to compel non-party witnesses. But the district court found that the Western District of Texas could likely adjudicate the case faster. The court determined that the remaining four factors were neutral. On balance, the court concluded that Google had not shown that the transferee venue was clearly more convenient.

Google then filed this petition. We have jurisdiction under 28 U.S.C. §§ 1651 and 1295.

## II

Under the well-established standard for obtaining mandamus relief, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show that it does not have any other avenue to obtain relief; and (3) convince the court that "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004). For transfers under § 1404(a), this test "essentially reduces to the first factor" because "the possibility of an appeal in the transferee forum following a final judgment . . . is not an adequate alternative," and "an erroneous transfer may result in judicially sanctioned irreparable procedural injury." *In re Apple Inc.*, 979 F.3d 1332, 1336–37 (Fed. Cir. 2020) (citations omitted). Accordingly, the issue on appeal is whether Google has shown a clear and indisputable right to issuance of the writ.

Motions to transfer are decided by weighing private and public interest factors to compare the relative convenience of the venues. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1316–17 (Fed. Cir. 2021). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* at 1317. We review

transfer determinations in cases arising on mandamus from district courts in the Fifth Circuit for a clear abuse of discretion. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318–19 (Fed. Cir. 2008).

### A

The district court found that several of the public and private interest factors favored transfer. Those determinations were amply supported by the record.

The court correctly concluded that the compulsory process factor favors transfer. Most importantly, two former Express Mobile employees who are named inventors of the asserted patents reside in the Northern District of California. By contrast, the court found no non-party witnesses in the Western District of Texas who would be likely to testify at trial, Express Mobile having only pointed to companies that were "sources of alleged prior art" and had offices in the Western District of Texas. The court thus correctly found that the compulsory process factor at least slightly favors transfer. *See In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *3 (Fed. Cir. Oct. 13, 2021) (finding this factor favored transfer because the petitioner identified potential third-party witnesses residing in the Northern District of California and neither party identified third-party witnesses subject to the subpoena power of the Western District of Texas).

The court also correctly weighed the willing witness factor in favor of transfer. The court noted that the Northern District of California would be more convenient for Google employees knowledgable about the design and development of the accused functionalities as well as Express Mobile's founder and CFO. The district court also correctly decided not to give significant weight to witnesses in New York who would spend considerable time and expense traveling to either venue. *See Apple*, 979 F.3d at 1342. Finally, the court correctly gave no weight to Google employees in Austin, Texas that Express Mobile attempted to link to the

accused products based solely on their online profiles and with no further explanation or detail.

The district court was also correct in finding that the local interest factor favors the transferee venue. It is undisputed that Google researched, designed, and developed the accused functionalities in the Northern District of California and that no underlying events giving rise to this suit occurred in the Western District of Texas. Appx19. "That is sufficient to give the transferee venue a greater localized interest in the dispute, which favors transfer." *Juniper*, 14 F.4th at 1319–20 (citing *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) and *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Moreover, the transferee venue is home to Express Mobile, three named inventors, and two patent prosecuting attorneys.

## B

Though the district court weighed the above factors correctly, it erred in finding that the sources of proof and practical problems factors were neutral.

Express Mobile appears to keep its relevant documents in the transferee venue. More imporantly, Google attested that relevant documents were created and maintained by Google in the Northern District of California. Appx546. Citing one of its own prior decisions, the district court concluded that this factor was neutral only by discounting those Google documents because "where documents are maintained is not equivalent to where they are stored." Appx7 (citing *Jenam Tech, LLC v. Google LLC*, No. 6-20-CV-00453-ADA, 2021 WL 2870694, at *4 (W.D. Tex. July 8, 2021), *vacated by In re Google LLC*, No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)). This factor concerns "ease of *access* to sources of proof," *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (emphasis added). The district court erred by analyzing only the location of servers where documents are stored, rather than also considering the location of document custodians and location where

documents are created and maintained, which may bear on the ease of retrieval. This factor appears to slightly favor transfer.

The district court erred in weighing the practical problems factor as neutral. Considerations of judicial economy are generally based on the situation at the time the suit was filed. *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). Judicial economy arising from multiple lawsuits filed on the same day in the same venue may be relevant, *id.*, but such co-pending suits are not to be over-weighed if they are also the subject of motions to transfer, *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at \*2 (Fed. Cir. Feb. 23, 2017). Until Express Mobile filed this suit, only the Northern District of California had been home to cases involving the same asserted patents, breeding decisions and familiarity with the issues. Moreover, as of the time the district court denied Google's motion, all of Express Mobile's co-pending actions in the Western District of Texas— filed the same day as the Google action—were subject to a motion to transfer venue (three to the Northern District of California and one to the Austin division of the Western District of Texas). The district court has since transferred two of these cases to the Northern District of California. This factor may not weigh heavily, *see In re NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at \*5 (Fed. Cir. Oct. 13, 2021) (discounting co-pending lawsuits that involve the same patents but different defendants and different accused products), but any judicial economy considerations in having one trial judge handle lawsuits involving the same patents and technology do favor the Northern District of California.

C

Finally, the district court erred in weighing the court congestion factor "heavily against transfer." Appx19. The court based its finding on data showing a modestly faster time to trial in its patent cases compared to the average

time to trial in the Northern District of California, and the fact that it has continued to hold jury trials in the Western District of Texas during the COVID-19 pandemic. Appx18–19.

The district court did not adequately justify the heavy weight it assigned to this factor. We have held that when other relevant factors weigh in favor of transfer or are neutral, "then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). And where, as here, the district court has relied only on time to trial to support its conclusion as to court congestion, we have characterized this factor as "speculative." *Id.* (citation omitted); *see also Apple*, 979 F.3d at 1344 n.5. However, the time to trial statistics provided in this case, unsupported by additional facts such as the number of cases per judge and the speed and availability of other case dispositions, cannot alone weigh "heavily against transfer." This factor is plainly insufficient to warrant keeping this case in the Texas forum given the striking imbalance favoring transfer based on the other convenience factors.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is granted. The district court's order denying Google's motion to transfer is vacated, and the district court is directed to grant the transfer motion.

(2)  Express Mobile's motion for leave to file a supplemental appendix is denied.

FOR THE COURT

November 15, 2021        /s/ Peter R. Marksteiner
        Date              Peter R. Marksteiner
                          Clerk of Court

s32