NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **ATLASSIAN CORP. PLC, ATLASSIAN, INC.,**
*Petitioners*

2021-177

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00805-ADA, Judge Alan D. Albright.

**ON PETITION**

Before DYK, PROST, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

Atlassian Corp. PLC and Atlassian, Inc. (collectively, "Atlassian") petition for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer its case to the United States District Court for the Northern District of California. Because the district court's refusal to transfer here amounted to a clear abuse of discretion, we grant mandamus directing the district court to transfer.

I

In September 2020, Express Mobile, Inc. filed suit in the federal district court in Waco, Texas, accusing three of Atlassian's software products—Jira, Confluence, and Trello—of infringing several of Express Mobile's patents.

Atlassian moved to transfer the case pursuant to 28 U.S.C. § 1404(a), arguing that the Northern District of California was a more convenient forum. Atlassian alleged that most of its knowledgeable employees work from Atlassian's offices in the Northern District of California; that none of its employees who work in Austin, Texas possess unique knowledge about the accused products; and that key third-party witnesses could be compelled to testify in the Northern District of California. In addition, Atlassian noted that Express Mobile is based in the Northern District of California and is before a judge in that district in several suits involving the same patents.

After analyzing the private and public interest factors that traditionally govern transfer determinations, the district court denied Atlassian's motion, finding that these factors did not favor transfer to the Northern District of California. In particular, the district court agreed that the Northern District of California had a slight advantage as the location of some sources of proof. But it found that the Western District of Texas could likely adjudicate the case faster. The district court determined that the remaining factors were neutral. On balance, the district court concluded that Atlassian did not show that the transferee venue was clearly more convenient.

Atlassian then filed this petition. We have jurisdiction under 28 U.S.C. §§ 1651 and 1295.

II

Under the well-established standard for obtaining mandamus relief, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show that it does

not have any other avenue to obtain relief; and (3) convince the court that "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004). For transfers under § 1404(a), this test "essentially reduces to the first factor," because "the possibility of an appeal in the transferee forum following a final judgment . . . is not an adequate alternative," and "an erroneous transfer may result in judicially sanctioned irreparable procedural injury." *In re Apple Inc.*, 979 F.3d 1332, 1336–37 (Fed. Cir. 2020) (quoting *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 56 (3d Cir. 2018) and citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008)). Accordingly, the issue on appeal is whether Atlassian has shown a clear and indisputable right to issuance of the writ.

Motions to transfer are decided by weighing private and public interest factors to compare the relative convenience of the venues. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1316–17 (Fed. Cir. 2021). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* at 1317. We review transfer determinations in cases arising on mandamus from district courts in the Fifth Circuit for a clear abuse of discretion. *TS Tech*, 551 F.3d at 1318–19.

First, the district court correctly found that the sources of proof factor favors the Northern District of California because servers in the Northern District of California host two of the accused products and copies of some relevant source code, and neither party identified sources of proof located in the Western District of Texas. While electronic storage makes documents more widely accessible, this factor remains relevant. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc); *see In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("[T]he question is *relative* ease of access, not *absolute* ease of access.").

Second, the court erred in its assessment of the compulsory process factor. Here, Atlassian identified three prior art witnesses in the Northern District of California, two of whom submitted declarations expressing a desire not to travel to Waco, Texas. Atlassian also identified two inventors and seven former executives, owners, and employees of Express Mobile in the transferee venue. Atlassian explained the relevance of each witness's testimony to this litigation and noted that several of the witnesses had also been subpoenaed in related litigation. Appx28–30. By contrast, no party identified a potential non-party witness in Texas. The court concluded that this factor was neutral because "prior art witnesses . . . are unlikely to testify," Atlassian had failed to show that the other witnesses were unwilling to testify, and the declarations only showed that witnesses were unwilling to testify in Texas, not California. Appx9–10.

We have disapproved of this reasoning in several cases. *See, e.g., In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021). As in those cases, the district court here improperly substituted its own assumption that prior art witnesses are unlikely to testify in place of specific reasons to believe that the prior art witnesses would be relevant. *See Google*, 2021 WL 4427899, at *7. Such categorical rejection of those

witnesses entirely untethered to the facts of the particular case is an abuse of discretion. *Id.*

Further, we have rejected the proposition that "the compulsory process factor is irrelevant unless the witnesses in question have expressly indicated an unwillingness to testify voluntarily." *Id.* (citation omitted). Instead, "where, as here, the movant has identified multiple third-party witnesses and shown that they are overwhelmingly located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness." *Hulu*, 2021 WL 3278194, at *4. In addition, Atlassian's declarations are relevant to this factor because they show the Western District of Texas will be relatively inconvenient due to the unavailability of compulsory process for two witnesses unwilling to travel there. Because several relevant non-party witnesses are located in the Northern District of California, none are located in the Western District of Texas, and some are unwilling to travel to the Western District of Texas, the district court erred in finding this factor neutral.

Third, the district court failed to give weight to the comparative convenience of the Northern District of California for potential willing witnesses. Seven of the ten employee witnesses Atlassian identified are in the Northern District of California, including an engineering manager with extensive knowledge of the accused Confluence software functionality, Appx466–67, and the employee primarily responsible for designing and developing significant portions of the user-interface framework for Jira said to have "extensive and unique knowledge about [the] specific JIRA functionality," Appx474–75. Atlassian also noted that its employees in Seattle and Australia would all spend significantly less time traveling to the Northern District of California because there is no major airport in the Waco Division of the Western District of Texas. Atlassian further noted that the Northern District of California is home to Express Mobile's own potential party witnesses.

In finding this factor neutral, the court concluded that Atlassian employees in Austin have at least the same knowledge as its employees in Northern California. Appx13–14. But that conclusion relied on a considerable amount of conjecture and is not supported by the record. While Atlassian employees in Austin may perform work related to the accused products, Atlassian provided evidence showing its sole Texas employee on the engineering team that works on Confluence is "not knowledgeable about the accused functionalities," Appx680–81, that "[t]here is no development team or individuals who currently develop [the accused] functionalities [for JIRA] in Texas," Appx470, and that "[n]o Atlassian employees located in Texas are responsible for developing the aspects of Trello that appear to be implicated by Express Mobile's allegations," Appx472. Beyond that, only Atlassian employees in Northern California appear knowledgeable about marketing and finance. Other than the court's speculation based on Atlassian's statements that its Austin employees do not have unique knowledge, there is no support for the conclusion that there are equally qualified employees in both venues to testify.

The court also "assume[d] that no more than a few party witnesses . . . will testify live at trial," Appx11, and stated "party witnesses are given minimal weight in this analysis because their participation in litigation is almost always to their benefit and compelling party witnesses is always available internally," Appx14. But we have held that the fact that a witness is affiliated with a party "does not negate the inconvenience and cost to those individuals to travel a significant distance to testify." *Google*, 2021 WL 4427899, at \*4; *see also Juniper*, 14 F.4th at 1319. Furthermore, "[t]he [district] court's assumption that [Atlassian] would not call many party witnesses was not based on any evidence specific to this case," which we have repeatedly explained is insufficient to weigh this factor against transfer. *Juniper*, 14 F.4th at 1319 (collecting cases). Finally, although the court was correct that "the convenience of

foreign corporations is generally given little weight," Appx14 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)), it is still relevant.

Fourth, the district court erred in its analysis of the local interest factor. The district court acknowledged that at least one of the accused software products was substantially developed by engineers and managers who live in and work from the Northern District of California. "That is sufficient to give the transferee venue a greater localized interest in the dispute, which favors transfer." *Juniper*, 14 F.4th at 1319–20 (citing *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) and *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Moreover, Express Mobile appears to be at home in that venue.

In concluding this factor was neutral, the court erroneously found that "Trello was significantly developed in the [Western District of Texas]." Appx18. Atlassian submitted a sworn declaration from the principal engineer responsible for writing the initial versions of the application, stating that "[n]o Atlassian employees located in Texas are responsible for developing the aspects of Trello that appear to be implicated by Express Mobile's allegations." Appx472. And Express Mobile had argued only that Atlassian employees "work on Trello" from its Austin, Texas offices. Appx494. Even if that is true, that does not create the same "significant connections between" the Western District of Texas and "the events that gave rise to [this] suit." *Apple*, 979 F.3d at 1345 (emphasis omitted) (quoting *Acer*, 626 F.3d at 1256).

Fifth, the district court erred in weighing the practical problems factor as neutral. Considerations of judicial economy are generally based on the situation at the time the suit was filed. *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). Judicial economy arising from multiple lawsuits filed on the same day in the same venue may be relevant, *id.*, but such co-pending suits are not to be over-weighed if

they are also the subject of motions to transfer. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at \*2 (Fed. Cir. Feb. 23, 2017). Until Express Mobile filed this suit, only the Northern District of California had been home to cases involving the same asserted patents, breeding decisions and familiarity with the issues. Moreover, as of the time the district court denied Google's motion, all of Express Mobile's co-pending actions in the Western District of Texas—filed the same day as the Atlassian action—were subject to a motion to transfer venue (three to the Northern District of California and one to the Austin division of the Western District of Texas). The district court itself has already transferred two of them to the Northern District of California. This factor may not weigh heavily, *see In re NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at \*5 (Fed. Cir. Oct. 13, 2021) (discounting co-pending lawsuits that involve the same patents but different defendants and different accused products), but any judicial economy considerations in having one trial judge handle lawsuits involving the same patents and technology do favor the Northern District of California.

Finally, the court erred in weighing the court congestion factor "heavily against transfer." Appx18. The district court here based its finding as to the court congestion factor on data showing a modestly faster time to trial in its patent cases compared to the average time to trial in the Northern District of California, and the fact that it has continued to hold jury trials in the Western District of Texas during the COVID-19 pandemic. Appx17–18.

The district court did not justify its heavy weighing of this factor. We have held that when other relevant factors weigh in favor of transfer or are neutral, "then the speed of the transferee district court should not alone outweigh all of those other factors." *Genentech, Inc.*, 566 F.3d at 1347. And where, as here, the district court has relied only on time to trial to support its conclusion as to court congestion, we have characterized this factor as "speculative." *Id.*

(citation omitted); *see also Apple*, 979 F.3d at 1344 n.5. However, the time to trial statistics provided in this case, unsupported by additional facts such as the number of cases per judge and the speed and availability of other case dispositions, cannot alone weigh "heavily against transfer." This factor is plainly insufficient to warrant keeping this case in the Texas forum given the striking imbalance favoring transfer based on the other convenience factors.

In sum, the center of gravity of this action is squarely in the transferee district, and decidedly not in the Western District of Texas. Several of the most important factors bearing on the transfer decision favor transferring the case, and no factor strongly favors retaining the case in the Western District of Texas. The district court clearly abused its discretion in denying the motion to transfer. We therefore grant Atlassian's petition seeking transfer of the case to the Northern District of California.

Accordingly,

IT IS ORDERED THAT:

The petition is granted. The district court's order denying Atlassian's motion to transfer is vacated, and the district court is directed to grant the transfer motion.

FOR THE COURT

November 15, 2021          /s/ Peter R. Marksteiner
       Date                Peter R. Marksteiner
                           Clerk of Court

s24