NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**In re: APPLE INC.,**
*Petitioner*

_____

2022-137

_____

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00528-ADA, Judge Alan D. Albright.

_____

**ON PETITION**

_____

Before LOURIE, TARANTO, and HUGHES, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

Apple Inc. petitions for a writ of mandamus to direct the United States District Court for the Western District of Texas to transfer this patent infringement suit to the United States District Court for the Northern District of California. BillJCo, LLC opposes the petition. For the reasons that follow, we grant Apple's petition.

BillJCo is a Texas company headquartered in Flower Mound, within the Eastern District of Texas. BillJCo was founded by Bill Johnson to pursue opportunities relating to patents focusing on distributed mobile applications.

BillJCo owns six patents concerning beacon technology, all naming Mr. Johnson as the sole inventor or as co-inventor along with his son, Jason Johnson, who resides in Waco.

In May 2021, BillJCo filed this action in the Western District of Texas, Waco Division, to assert those patents based on Apple's use of its iBeacon protocol. Apple moved to transfer the action to the Northern District of California under 28 U.S.C. § 1404(a), arguing that Apple researched, designed, and developed the accused technology from its headquarters within the transferee venue; that evidence and witnesses would likely be in Northern California; and that neither BillJCo nor this litigation had any meaningful connection to Western Texas. The district court denied the motion, finding that this case could have been brought in the Northern District of California, but disagreeing with Apple that that forum was clearly more convenient.

We apply regional circuit law on transfer motions. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In deciding whether the district court should have transferred under § 1404(a), we ask whether "the movant demonstrate[d] that the transferee venue is clearly more convenient" based on an evaluation of the private and public interest factors. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)) (internal quotation marks omitted). Mindful that the district court is generally better positioned to evaluate the evidence, we review a transfer ruling for a clear abuse of discretion. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344–46 (Fed. Cir. 2010).

The district court clearly abused its discretion in concluding that the private and public factors did not favor transfer here. We begin with the private factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy,

expeditious, and inexpensive. *Volkswagen*, 545 F.3d at 315 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Those factors clearly support transfer to Northern California.

The district court correctly found that the access to sources of proof and willing witness factors both favor the transferee venue. Apple stated that its documents relating to the research, design, development and operation of the accused products were generated in Northern California and that its source code was developed, and is accessible for inspection, from Northern California and controlled on a need-to-know basis, which favors transfer even if Apple in theory could offer access to that information at its offices in Austin, Texas. *See In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *2 (Fed. Cir. Nov. 15, 2021). Furthermore, the court plausibly found that Northern California would be more convenient overall for the party witnesses.

Among the private factors, the district court's only basis for discounting the convenience of the transferee forum was its general ability to compel the testimony of Jason Johnson. Appx10. But that conclusion clearly overlooks the record in two key respects. First, BillJCo has all along indicated that Jason Johnson is willing to testify in the Western District of Texas, rendering it error to give such weight to the court's ability to compel his testimony. *See* Appx104 ("Mr. Johnson's son, Jason Johnson, is a co-inventor for one of the patents at issue . . . . Another willing nonparty witness is . . . ."); Resp. 16 ("[W]hile Jason Johnson may be a willing witness to a trial mere miles from his home (the WDTX), he may not be willing witness at a trial thousands of miles from his home . . . ."). Second, the weight placed on Jason Johnson's presence in Waco by the district court is too great in the context of the record as a whole, given the numerous potential witnesses Apple identified in Northern California. Under these circumstances, the private transfer factors clearly favor transfer.

We now turn to the public interest factors: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen*, 545 F.3d at 315 (citing *Piper Aircraft*, 454 U.S. at 241 n.6). These factors generally focus on any potential administrative and legal problem or advantage offered by one forum over another in handling the case. *Piper Aircraft*, 454 U.S. at 241. In this case, none of these considerations is sufficient to override the striking imbalance in favor of transfer on the private interest factors.

While recognizing that the Northern District of California had a local interest in resolving this matter because the accused products were researched, designed, and developed from that district, the district court nonetheless concluded that the local interest factor weighed slightly in favor of the Western District of Texas. There are two fundamental problems with the district court's analysis that demonstrate a clear abuse of discretion even under the highly deferential standard of review. First, the court incorrectly gave equal consideration to the fact that "BillJCo is headquartered in Flower Mound, Texas" where the patented invention was developed. Appx18. Since Flower Mound is in the Eastern District of Texas, not the Western District of Texas, BillJCo's office in Texas gives plaintiff's chosen forum no comparable local interest. *See In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *6 (Fed. Cir. Oct. 6, 2021) (finding error with district court's reliance on plaintiff's incorporation and office in Texas, where the office was located outside the Western District).

Second, the court assigned too much weight to Apple's "substantial general presence in this District." Appx19. As our precedent has made clear, an assessment of the local interest factor must focus on whether there are "'significant connections between a particular venue and *the events*

*that gave rise to a suit.'"* *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis in *Apple*)). Nothing in the court's opinion or the record offers any indication that Apple's in-district offices had any involvement in the research, design, or development of the accused technology. The court's reliance on these offices, which lack such a connection to the locus of the events giving rise to the dispute, amounts to a clear abuse of discretion. The upshot is that this factor also favors transfer.

The district court also weighed the court congestion factor here against transfer based on its faster time to trial. But precedent does not permit giving such speculation about whether a court can reach trial faster more weight than all the remaining factors. *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (holding that when other relevant factors weigh in favor of transfer or are neutral, "then the speed of the transferee district court should not alone outweigh all of those other factors").

Under the circumstances in this case, we conclude that the district court's ruling that Apple had failed to show that the transferee venue was clearly more convenient amounted to a clear abuse of discretion.

Accordingly,

IT IS ORDERED THAT:

The petition is granted to the extent that the district court's order denying Apple's motion is vacated and the district court is directed to grant a transfer of the case to the Northern District of California.

FOR THE COURT

May 26, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court